**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE: EBIX, INC.** ) | **CIVIL ACTION NO.** |
| **SECURITIES LITIGATION** ) | **1:11-CV-02400-RWS** |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

**EXHIBIT A-1**

***If you purchased Ebix, Inc. ("Ebix" or the "Company")[1] common stock during the period of May 6, 2009 and June 30, 2011, inclusive, (the "Class Period") and are not otherwise excluded from the Class (see Question 6 below), you could get a payment from a class action settlement.***

A federal court authorized this Notice.  This is not a solicitation from a lawyer.

**Security and Time Period**:  Ebix common stock (symbol "EBIX") purchased between May 6, 2009 and June 30, 2011, inclusive.

**Settlement Fund:** $6,500,000 in cash plus any interest earned.  Your recovery will depend on the timing of your purchases and any sales of Ebix common stock during the Class Period.  Based on the information currently available to Lead Plaintiff and the analysis performed by their damage consultants, it is estimated that if Class Members submit claims for 100% of the shares eligible for distribution under the Plan of Allocation (described below), the estimated average distribution per share will be approximately $0.20 before deduction of Court-approved fees and expenses, including the cost of notifying members of the Class and settlement administration. Historically, actual claims rates are less than 100%, which result in higher

---

[1]     This Notice incorporates by reference the definitions in the Stipulation of Settlement (the "Stipulation") dated January 24, 2014, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.  The Stipulation is posted on the Claims Administrator's website at www.EBIXSecuritiesLitigation.com.

distributions per share.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Class Members who submit valid Proof of Claim and Release forms ("Proof of Claim").

**Reasons for Settlement:**  Avoids the costs and risks associated with continued litigation, including the danger of no recovery.

**If the Case Had Not Settled:**  Continuing with the case could have resulted in loss at trial or on appeal.  The two sides vigorously disagree on both liability and the amount of money that could have been won if Lead Plaintiff prevailed at trial.  The parties disagree about: (1) the method for determining whether the price of Ebix common stock was artificially inflated during the relevant period; (2) the amount of any such alleged inflation; (3) whether the statements made or facts allegedly omitted were false, material, or otherwise actionable under the federal securities laws; (4) whether there was any wrongdoing on the part of Defendants; and (5) the extent that various facts alleged by Lead Plaintiff influenced (if at all) the trading price of Ebix common stock during the Class Period.

**Attorneys' Fees and Expenses:**  Court-appointed Lead Plaintiff's counsel will ask the Court for attorneys' fees of up to 33 1/3% of the Settlement Fund and expenses not to exceed $200,000.00 to be paid from the Settlement Fund plus interest. Lead Plaintiff's counsel have not received any payment for their work investigating

the facts, prosecuting this Litigation and negotiating this settlement on behalf of the Lead Plaintiff and the Class.  Lead Plaintiff's counsel will also ask the Court to approve an award of up to $5,000.00 for the Court-appointed Lead Plaintiff for its representation of the Class.  If the above amounts are requested and approved by the Court, the average cost per share will be $0.0681.

**Deadlines:**

Submit Claim: _____, 2014

Request Exclusion: _____, 2014

File Objection: _____, 2014

**Court Hearing on Fairness of Settlement:** _____, 2014

**More Information:**  www.EBIXSecuritiesLitigation.com  or

| | |
|---|---|
| EBIX Securities Litigation | Representative of Lead Plaintiff's counsel: |
| c/o Heffler Claims Group | |
| P.O. Box 58608 | Richard Gonnello |
| Philadelphia, PA 19102 | Faruqi & Faruqi, LLP |
| 1-855-731-7490 | 369 Lexington Avenue, 10th Floor |
| | New York, NY 10017 |
| | 1-212-983-9330 |

• Your legal rights are affected whether you act, or do not act.  Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

**SUBMIT A CLAIM FORM**     The only way to get a payment.

**EXCLUDE YOURSELF**     Get no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants and Related Parties relating to the legal claims in this case.

**OBJECT**     You may write to the Court if you do not like this settlement, the request for attorneys' fees and expenses, the award to Lead Plaintiff or the Plan of Allocation.

**GO TO A HEARING**     You may ask to speak in Court about the fairness of the settlement.

**DO NOTHING**     Get no payment.  Give up rights.

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

**1.     Why did I get this notice package?**

You or someone in your family may have purchased Ebix common stock between May 6, 2009 and June 30, 2011, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of Georgia, and the case is known as *In re: Ebix, Inc. Securities Litigation*, Civil Action No. 1:11-CV-02400-RSW.  The person who leads the Litigation, Mr. Dan Anghel, is called the Lead Plaintiff and the Company and the individuals it sued are called Defendants.

**2.     What is this lawsuit about?**

This Litigation alleges that Ebix, its Chief Executive Officer, and its Chief Financial Officer violated the federal securities laws by making false and misleading

statements in certain press releases and public filings issued during the Class Period or controlling the persons who made those statements.

Defendants deny all of the Lead Plaintiff's allegations and further deny that they did anything wrong.  Defendants also deny that the Lead Plaintiff or the Class suffered damages or that the price of Ebix common stock was allegedly artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise.

### 3.    Why is this a class action?

In a class action, one or more people called class representatives (in this case, the Court-appointed Lead Plaintiff, Mr. Dan Anghel) sue on behalf of people who have similar claims.  All of these people and/or entities are called a class or class members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  In this case, United States District Court Judge Richard W. Story is in charge of this case.

### 4.    Why is there a settlement?

The Court did not decide in favor of the Lead Plaintiff or Defendants.  Instead, the lawyers for both sides of the lawsuit have negotiated a settlement, which they believe is in the best interests of their respective clients.  The settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits Class Members to be compensated without further

delay.  Lead Plaintiff and its attorneys think the settlement is best for all Class Members.

### WHO GETS MONEY FROM THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

### 5.    How do I know if I am part of the settlement?

The Class includes *all Persons who purchased the common stock of Ebix between May 6, 2009 and June 30, 2011, inclusive*.

### 6.    Are there exceptions to being included in the Class?

Yes.  Excluded from the Class are Ebix, Robin Raina, and Robert Kerris, their families, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

### 7.    I'm still not sure if I am included.

If you still are not sure whether you are included, you can ask for free help. You can call 1-855-731-7490 or visit www.EBIXSecuritiesLitigation.com for more information; or you can fill out and return the claim form described in Question 10 to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8.   What does the settlement provide?**

Defendants have agreed to cause to be paid $6,500,000 in cash (the "Settlement Fund").  The Settlement Fund, plus interest earned from the date it is established, less costs, fees and expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members whose claim for recovery has been allowed pursuant to the terms of the Stipulation and who send in valid claim forms ("Authorized Claimants"). Costs, fees and expenses include Court-approved attorneys' fees and expenses, the costs of notifying Class Members, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice, and the costs of claims administration.

**9.   How much will my payment be and what is the Plan of Allocation?**

Your share of the Net Settlement Fund will depend on the number of valid Claims that Authorized Claimants submit as well as the total of their "Net Recognized Loss."

The term "Net Recognized Loss," as used herein, is the sum total of each Authorized Claimant's Recognized Losses and Recognized Gains.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Net Recognized Loss in accordance with the Plan of Allocation set forth below in this

response to question (9).  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the Net Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Loss for all valid Claims.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The term "Recognized Loss," as used herein, is a calculation to arrive at a loss figure for purposes of calculating an Authorized Claimant's pro rata participation in the Net Settlement Fund.  Recognized Loss does not reflect an Authorized Claimant's actual market loss or gain, damages possibly recoverable at trial, or the actual amount an Authorized Claimant can expect to recover from the Net Settlement Fund.

The Recognized Loss for each acquisition/purchase of Ebix common stock made during the Class Period by an Authorized Claimant will be calculated by the Claims Administrator in consultation with Lead Counsel in accordance with the provisions of this Plan of Allocation.

Recognized Loss will be calculated for each of Authorized Claimant's acquisitions/purchases of shares listed in the Proof of Claim form, and for which adequate documentation is provided.  Each Proof of Claim form must state and provide sufficient documentation for each Authorized Claimant's position in each share as of the close of trading on May 5, 2009, the day before the first day of the

Class Period, and the closing position as of the close of trading on September 28, 2011, the last day of the 90-day period following the Class Period.  Each Proof of Claim form also must list and provide sufficient documentation for all transactions in Ebix common stock during the period May 6, 2009 through September 28, 2011, inclusive, as set forth in the Proof of Claim form.

The calculation of Recognized Loss will depend upon several factors considered in developing the Plan of Allocation, including:

When each share was purchased or otherwise acquired;

Whether the share was held until after the end of the Class Period;

Whether and when the share was sold, redeemed or otherwise disposed of;

The amount paid (or value of the consideration given) for each share acquired;

The amount received (or value of the consideration received) for each share sold or otherwise disposed of;

The estimated alleged artificial inflation in the price of each share at different times during the Class Period attributable to Defendants' alleged false statements as alleged in this case ("alleged artificial inflation").

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors not related to the alleged fraud.  The computation

of the alleged artificial inflation in Ebix common stock reflects the price change of each share net of market- and industry-wide factors in reaction to public announcements that corrected or reinforced the misrepresentations alleged by Lead Plaintiffs in the Consolidated Amended Complaint for Violations of the Federal Securities Laws.  Based on the opinions of Lead Counsel's damages consultant, the Plan of Allocation assumes that there were varied amounts of alleged artificial inflation in the prices of each share during the entire Class Period.  An estimate of alleged artificial inflation for each share during the Class Period, assuming that Lead Plaintiffs could adequately allege and prove liability for that entire period, is reflected in Table 1 below:

**Table 1**

Alleged Artificial Inflation in Shares

| Date of Purchase/Acquisition | Estimated Alleged Artificial Inflation |
|---|---|
| 5/6/2009 to 3/23/2011 | $8.50 |
| 3/24/2011 to 6/29/2011 | $1.30 |
| 6/30/2011 to Present | $0.00 |

Federal securities laws allow investors to recover for losses that are proven to be caused by disclosures that correct a defendant's previous misleading statements or

- 11 -

omissions.  Thus, in order to have been damaged by the alleged fraud, a share purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission.  Lead Plaintiff and Lead Counsel have identified the following dates of such price declines:  March 24, 2011; and June 30, 2011 (collectively; the "corrective disclosure dates").  If a share of Ebix common stock was purchased and then sold before May 6, 2009; or purchased and then sold between consecutive corrective disclosure dates, the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws.

The 90-day look back provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of Recognized Loss. The limitations on calculation of Recognized Loss imposed by the PSLRA are applied such that losses on common stock purchased during the Class Period and sold during the 90-day look back period cannot exceed the difference between the purchase price paid for the security and the rolling average of the security's price during 90-day look back period as of the date of sale.

**Table 2**

**PSLRA 90-Day Lookback Value**

| Date | Value | Date | Value | Date | Value |
|------|-------|------|-------|------|-------|

| | | | | | |
|---|---|---|---|---|---|
| 7/1/2011 | 19.31 | 8/2/2011 | 19.23 | 8/31/2011 | 17.81 |
| 7/5/2011 | 19.41 | 8/3/2011 | 19.19 | 9/1/2011 | 17.78 |
| 7/6/2011 | 19.59 | 8/4/2011 | 19.12 | 9/2/2011 | 17.73 |
| 7/7/2011 | 19.92 | 8/5/2011 | 19.04 | 9/6/2011 | 17.68 |
| 7/8/2011 | 20.07 | 8/8/2011 | 18.93 | 9/7/2011 | 17.67 |
| 7/11/2011 | 20.04 | 8/9/2011 | 18.83 | 9/8/2011 | 17.64 |
| 7/12/2011 | 19.96 | 8/10/2011 | 18.70 | 9/9/2011 | 17.62 |
| 7/13/2011 | 19.72 | 8/11/2011 | 18.64 | 9/12/2011 | 17.59 |
| 7/14/2011 | 19.49 | 8/12/2011 | 18.56 | 9/13/2011 | 17.56 |
| 7/15/2011 | 19.34 | 8/15/2011 | 18.53 | 9/14/2011 | 17.54 |
| 7/18/2011 | 19.25 | 8/16/2011 | 18.48 | 9/15/2011 | 17.54 |
| 7/19/2011 | 19.19 | 8/17/2011 | 18.44 | 9/16/2011 | 17.54 |
| 7/20/2011 | 19.15 | 8/18/2011 | 18.36 | 9/19/2011 | 17.53 |
| 7/21/2011 | 19.17 | 8/19/2011 | 18.27 | 9/20/2011 | 17.51 |
| 7/22/2011 | 19.19 | 8/22/2011 | 18.18 | 9/21/2011 | 17.48 |
| 7/25/2011 | 19.21 | 8/23/2011 | 18.11 | 9/22/2011 | 17.42 |
| 7/26/2011 | 19.26 | 8/24/2011 | 18.05 | 9/23/2011 | 17.38 |
| 7/27/2011 | 19.29 | 8/25/2011 | 17.98 | 9/26/2011 | 17.34 |
| 7/28/2011 | 19.29 | 8/26/2011 | 17.92 | 9/27/2011 | 17.31 |

| 7/29/2011 | 19.31 | 8/29/2011 | 17.88 | 9/28/2011 | 17.27 |
| 8/1/2011 | 19.28 | 8/30/2011 | 17.85 | | |

For Authorized Claimants who made multiple purchases, acquisitions, or sales of shares during the Class Period, the earliest subsequent sale shall be matched first against the Authorized Claimant's opening position on the first day of the Class Period, and then matched chronologically thereafter against each purchase or acquisition made through September 28, 2011, employing a first-in-first-out ("FIFO") methodology.

If an Authorized Claimant acquired a share by way of gift, inheritance, or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent the share was originally acquired prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be $0.00.

A payment from the Net Settlement Fund to any Authorized Claimant that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment to those Authorized Claimants will be distributed.

The Recognized Loss for "short sales" is $0.00.  In the event that there is a short position in shares, the date on which the short sale is covered is deemed to be the date of purchase, and the date of the short sale is deemed to be the date of sale.

An Authorized Claimant's Recognized Loss or Gain Per Share for each purchase or acquisition of a share during the Class Period will be calculated as follows.  Note that a Recognized Loss is greater than $0.00 (*i.e.*, a positive number), and a Recognized Gain is less than $0.00 (*i.e.*, a negative number).

For each share purchased or acquired during the Class Period (*i.e.*, during the period May 6, 2009 and June 30, 2011, inclusive):

> and sold during the Class Period, the Recognized Loss or Gain Per Share is the amount of alleged artificial inflation per share on the date of purchase/acquisition as appears in Table 1 above minus the amount of alleged artificial inflation per share on the date of sale/disposition as appears in Table 1.

> and sold during the period July 1, 2011 through September 28, 2011, inclusive (*i.e.*, the 90-day period following the Class Period), the Recognized Loss or Gain Per Share is the lesser of:

> > i.    the purchase/acquisition price minus the "90-Day Look Back Value" on the date of sale/disposition provided in Table 2 to the Plan of Allocation; or

ii.    the amount of alleged artificial inflation per share on the date of purchase/acquisition as appears in Table 1 above.

and held after September 28, 2011, the Recognized Loss or Gain Per Share is the amount of alleged artificial inflation per share on the date of purchase/acquisition as appears in Table 1 above.

The Recognized Loss or Recognized Gain with respect to a purchase or acquisition of a share is calculated by multiplying the number of securities purchased/acquired in each such transaction times the appropriate Recognized Loss or Recognized Gain per security, as described above.

To the extent an Authorized Claimant had an overall market gain from his, her or its purchases of shares during the Class Period, the value of the Net Recognized Loss will be $0.00. To the extent that an Authorized Claimant had an overall market loss from his, her, or its purchases of shares during the Class Period, the value of the Net Recognized Loss will be the lesser of the claimant's total Recognized Loss or the market loss. The market loss or gain will be calculated as explained below. Such Authorized Claimants will in any event be bound by the Settlement.

For purposes of determining whether an Authorized Claimant had a net market loss or gain from his, her, or its overall transactions in shares acquired during the Class Period, the Claims Administrator shall: (i) total the amount paid (excluding commissions and other charges) for all shares acquired during the Class Period by the

Claimant (the "Total Acquisition Amount"); (ii) match any sales of shares during the Class Period first against the Claimant's holdings of each share on close of business May 5, 2009 (*n.b.*, the proceeds of those sales will not be considered for purposes of calculating market gains or losses); (iii) total the amount received (net of commissions, etc.) for sales of the remaining shares sold during the Class Period (the "Sales Proceeds"); and (iv) calculate the "Holding Value" of shares acquired during the Class Period and still held at the end of the Class Period, using the average price during the 90-days following the Class Period, which is $17.27.   The Total Acquisition Amount (i) less the Sales Proceeds (iii) and less the Holding Value (iv) will be deemed a Claimant's net market loss or gain (*n.b.*, a gain occurs if a negative number is calculated) on his, her, or its overall transactions in shares during the Class Period.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM
**10.     How will I get a payment?**

To qualify for a payment, you must send in a claim form.  A claim form is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2014.

**11.    When would I get my payment?**

The Court will hold a hearing on _____, 2014, at __:__ _.m., to decide whether to approve the settlement.  If Judge Story approves the settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year.  It also takes time for all the claim forms to be processed.  If there are no appeals and depending on the number of claims submitted, the Claims Administrator could distribute the Net Settlement Fund as early as nine months after the fairness hearing.  Please be patient.

**12.    What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the Related Parties about the same issues in this case or about issues that could have been asserted in this case.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your Released Claims in this case against the Defendants and Related Parties.  "Released Claims" means any and all rights, demands, claims (including "Unknown Claims" as defined in the Stipulation), liabilities, suits, debts, obligations, damages, losses, judgments, matters, issues, and causes of action of every nature and description, in law or equity, whether accrued or unaccrued, fixed or contingent, liquidated or un-liquidated, matured or un-matured, known or unknown, discoverable or undiscoverable, concealed or hidden, disclosed or

undisclosed, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature, that Lead Plaintiff or any Member of the Class asserted, could have asserted, or in the future could or might have asserted in this Litigation or any other action, court, tribunal, proceeding, or forum against any of the Released Persons arising out of, in connection with, or relating to, directly or indirectly, the purchase, acquisition, holding, or sale of Ebix common stock during the Class Period or the acts, facts, matters, allegations, representations, transactions, events, disclosures, statements or omissions that were or could have been alleged or asserted in the Litigation.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants or Related Parties on your own about the same issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

### 13.    How do I get out of the Class?

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *In re: Ebix, Inc. Securities Litigation*, Civil Action No. 1:11-CV-02400-RSW. You must include your name, address, telephone number, your signature, and the number of shares of Ebix common stock you purchased between May 6, 2009 and June 30, 2011, inclusive, and the dates and prices of such purchases.

You must mail your exclusion request postmarked no later than _____, 2014 to:

> *EBIX Securities Litigation*
> c/o Heffler Claims Group
> P.O. Box 58608
> Philadelphia, PA 19102

You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.

**14.    If I do not exclude myself, can I sue Defendants for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue Defendants or the Related Parties for the claims that this settlement resolves.   Remember, the exclusion deadline is _____, 2014.

**15.    If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, do not send in a claim form to ask for any money.  Once you exclude yourself, you will receive no cash payment even if you also submit a claim form.

**THE LAWYERS REPRESENTING YOU**

**16.    Do I have a lawyer in this case?**

The Court appointed the law firm of Faruqi & Faruqi, LLP to represent you and other Class Members.   These lawyers are called Lead Counsel.   The Court also

appointed Holzer & Holzer, LLC as Liaison Counsel.  These lawyers will apply to the Court for payment from the Settlement Fund; you will not otherwise be charged for their work.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17.    How will the lawyers be paid?

At the fairness hearing, Lead Plaintiff's counsel will request the Court to award attorneys' fees of up to 33 1/3% of the Settlement Fund and for expenses up to $200,000.00, which were incurred in connection with the Litigation.  In addition, Lead Plaintiff Dan Anghel may request up to $5,000.00 for his efforts in representing the Class.  If awarded, the cost would be $0.0681 per share.  This compensation will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  To date, Lead Plaintiff's counsel have not received any payment for their services in conducting this Litigation on behalf of the Lead Plaintiff and the Class, nor have counsel been paid for their expenses.  The fee requested will compensate Lead Plaintiff's counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

**18.    How do I tell the Court that I do not like the settlement?**

If you are a Class Member (and you have not excluded yourself), you can object to the settlement, the request for attorneys' fees and expenses, the award to Lead Plaintiff or the Plan of Allocation if you do not like any part of them.  You can give reasons why you think the Court should not approve the settlement, the request for attorneys' fees and expenses, the award to Lead Plaintiff or the Plan of Allocation. The Court will consider your views.  To object, you must send a signed letter saying that you object to the proposed settlement in *In re: Ebix, Inc. Securities Litigation*, Civil Action No. 1:11-CV-02400-RSW.  Be sure to include your name, address, telephone number, your signature, the number of shares of Ebix common stock purchased between May 6, 2009 and June 30, 2011, inclusive, and the reasons you object to the settlement, the requested attorneys' fees and expenses, the award to Lead Plaintiff or the Plan of Allocation.  Any such objection must be mailed or delivered such that it is received by each of the following no later than _____, 2014:

*Court*:

Clerk of the Court
United States District Court
Northern District of Georgia
Richard B. Russell Federal Building
75 Spring Street, SW
Atlanta, GA 30303

*Lead Counsel for Lead Plaintiff*:

FARUQI & FARUQI, LLP
RICHARD GONNELLO
369 Lexington Avenue, 10th Floor
New York, NY 10017

*Counsel for Defendants*:

ALSTON & BIRD LLP
JOHN A. JORDAK, JR.
1201 West Peachtree Street
Atlanta, GA  30309

**19.     What is the difference between objecting and excluding myself from the settlement?**

Objecting is telling the Court that you do not like something about the proposed settlement.  You can object *only* if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer applies to you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement.  You may attend, but you do not have to.

**20.     When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing at ___:__ _.m., on _____, 2014, at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Spring Street, SW, Atlanta, GA 30303.  At this hearing, the

- 23 -

Court will consider whether the settlement is fair, reasonable and adequate.  If there are objections, the Court will consider them.  The Court may listen to people who have asked to speak at the hearing.  The Court will also decide whether to approve the payment of fees and expenses to Lead Plaintiff's counsel, including the award to Lead Plaintiff and the Plan of Allocation.  We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

**21.    Do I have to come to the hearing?**

No.  Lead Plaintiff's counsel will answer questions Judge Story may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but you are not required to do so.

**22.    May I speak at the hearing?**

You may ask the Court for permission to speak at the hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re: Ebix, Inc. Securities Litigation*, Civil Action No. 1:11-CV-02400-RSW.  Be sure to include your name, address, telephone number, your signature, and the number of shares of Ebix common stock purchased between May 6, 2009 and June 30, 2011, inclusive.  Your notice of intention to appear must be received no later than _____,

2014 by the Clerk of the Court, Lead Plaintiff's counsel, and Defendants' counsel, at the addresses listed in Question 18.  You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

**23.    What happens if I do nothing at all?**

If you do nothing, you will get no money from this settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or Related Parties about the same issues in this case.

## GETTING MORE INFORMATION

**24.    Are there more details about the settlement?**

This Notice summarizes the proposed settlement.  More details are in the Stipulation of Settlement dated January 24, 2014 ("Stipulation"), which has been filed with the Court.  You can get a copy of the Stipulation from the Clerk's office at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Spring Street, SW, Atlanta, GA 30303, during regular business hours, or at www.EBIXSecuritiesLitigation.com, or you may contact Lead Counsel at the number and address below.

### 25.     How do I get more information?

You can call 1-855-731-7490 or write to a representative of Lead Plaintiff's counsel, Richard Gonnello, Faruqi & Faruqi, LLP, 369 Lexington Avenue, 10th Floor, New York, NY 10017, or visit the Claims Administrator's website at www.EBIXSecuritiesLitigation.com. ***Please do not call the Court or the Clerk of the Court for additional information about the settlement.***

### 26.     Special notice to nominees

If you hold any Ebix common stock purchased between May 6, 2009 and June 30, 2011, inclusive, as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *EBIX Securities Litigation*
> c/o Heffler Claims Group
> P.O. Box 58608
> Philadelphia, PA 19102

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be

incurred in connection with forwarding the Notice and which would not have been

incurred but for the obligation to forward the Notice, upon submission of appropriate

documentation to the Claims Administrator.

DATED: _____, 2014     BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
                                      NORTHERN DISTRICT OF GEORGIA