**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE: EBIX, INC.** ) | **CIVIL ACTION NO.** |
| **SECURITIES LITIGATION** ) | **1:11-CV-02400-RWS** |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement dated as of January 24, 2014 (the "Stipulation"), is made and entered into by and among the following Settling Parties (all capitalized terms not defined immediately in the text are defined in §IV(1) hereof) to the above-captioned case (the "Litigation"): (i) Lead Plaintiff (as defined herein, on behalf of himself and each of the Class Members), by and through Plaintiff's Counsel; and (ii) Defendants, by and through their counsel of record in the Litigation.  The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

Between July 14, 2011 and July 21, 2011, securities class action complaints were filed against Ebix, Inc. ("Ebix" or the "Company") and certain of its officers, Robin Raina and Robert Kerris, in the United States District Court for the Southern District of New York and in the United States District Court for the Northern District of Georgia.  Thereafter, the New York action was transferred to Georgia and consolidated with the Georgia action, now styled *In re: Ebix, Inc. Securities Litigation*, Civil Action No. 1:11-CV-02400-RSW (N.D. Ga.).

On October 14, 2011, the Court issued an Order granting a Motion to Appoint Dan Anghel as Lead Plaintiff.

On November 28, 2011, the Lead Plaintiff filed a Consolidated Amended Complaint ("CAC").  Defendants moved to dismiss the CAC on January 12, 2012.

- 1 -

On September 28, 2012, the Court issued an Order denying Defendants' Motion to Dismiss.

On December 7, 2012, Lead Plaintiff filed his Motion for Class Certification. On June 19, 2013, Defendants filed a Motion for Judgment on the Pleadings, which the Court never ruled on prior to the parties entering this Stipulation. On July 2, 2013, the Court denied Plaintiff's Motion for Class Certification Without Prejudice to Plaintiff refiling his Motion should the Court deny, in whole or in part, Defendants' Motion for Judgment on the Pleadings. On July 16, 2013, the Court entered a Stipulated Order Staying Discovery Pending Resolution of Defendants' Motion for Judgment on the Pleadings.

Following settlement negotiations, the parties reached an agreement-in-principle to settle the Litigation.

## II.  CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  Plaintiff's Counsel recognizes and acknowledges, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and possible appeals.  Lead Plaintiff and Plaintiff's Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions

such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Plaintiff and Plaintiff's Counsel also are mindful of the inherent problems of proof under and possible defenses to the federal securities law violations asserted in the Litigation.  Lead Plaintiff and Plaintiff's Counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class and that the settlement set forth in the Stipulation is in the best interests of the Class.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff in the Litigation.  Defendants have denied expressly and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendants also have denied and continue to deny, *inter alia*, the allegations that they made any materially false statements or had any intent to make any, that Lead Plaintiff or Class Members have suffered damage, that the price of Ebix's stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures, or otherwise, or that Lead Plaintiff or Class Members were harmed by the conduct that was or could have been alleged in the Litigation.

Nonetheless, Defendants have concluded that further litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation. Defendants have, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for himself and the Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation.

### 1.   Definitions

As used in the Stipulation, the following terms have the meanings specified below.

1.1   "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

- 4 -

1.2    "Claimant" means any Class Member who files a Proof of Claim and Release in such form and manner, and within such time, as the Court shall prescribe.

1.3    "Claims Administrator" means the firm of Heffler Claims Group LLC, which shall administer the settlement.

1.4    "Class" means all Persons who purchased or otherwise acquired Ebix common stock between May 6, 2009 and June 30, 2011, inclusive.  Excluded from the Class are Ebix, Robin Raina, and Robert Kerris, their families, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest.

1.5    "Class Member" or "Member of the Class" means, for purposes of this Stipulation only, a Person who falls within the definition of the Class as set forth in this Stipulation and who does not timely exercise his, her, or its right to opt-out of the Class.

1.6    "Class Period" means the period beginning on May 6, 2009 through June 30, 2011, inclusive.

1.7    "Court" means the United States District Court for the Northern District of Georgia.

1.8    "Defendants" means Ebix, Robin Raina, and Robert Kerris.

- 5 -

1.9    "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.10   "Escrow Account" means the bank account maintained by the Escrow Agent into which the Settlement Amount shall be deposited.

1.11   "Escrow Agent" means the law firm of Faruqi & Faruqi, LLP, or its successor(s).

1.12   "Final" with respect to the Judgment to be entered pursuant to this Stipulation means that the Judgment has been entered by the Court and has not been modified, and (i) no appeal has been filed within the period in which an appeal might be filed under Rule 4 of the Federal Rules of Appellate Procedure; or (ii) if an appeal is filed, the Court of Appeals has affirmed the Judgment in all respects and the time for further appeal (including petition for a writ of certiorari) has expired without further appeal or the Judgment has been finally affirmed and no further appeal is permitted.  Any proceeding or order, or any appeal or petition for a writ of certiorari, pertaining solely to any Plan of Allocation and/or Fee and Expense Application shall not in any way delay or preclude the Judgment from becoming Final.

1.13   "Judgment" means the final judgment and order of dismissal with prejudice to be rendered by the Court that contains all material terms of the proposed form of order attached hereto as Exhibit B.

1.14   "Lead Counsel" means Faruqi & Faruqi, LLP.

1.15   "Lead Plaintiff" means the Court-appointed lead plaintiff Dan Anghel.

1.16   "Liaison Counsel" means Holzer & Holzer, LLC.

1.17   "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.18   "Plaintiff's Counsel" means, collectively, Lead Counsel and Liaison Counsel.

1.19   "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment from the Settlement Fund of expenses of notice and administration of the settlement, taxes and tax expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court.  Any Plan of Allocation is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect thereto.

1.20    "Related Parties" means, with respect to each Defendant, past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, banks or investment banks, underwriters, associates, personal or legal representatives,

predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Defendant's immediate family, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family, and the heirs, successors and assigns of the foregoing.

1.21   "Released Claims" means any and all rights, demands, claims (including "Unknown Claims" as defined below), liabilities, suits, debts, obligations, damages, losses, judgments, matters, issues, and causes of action of every nature and description, in law or equity, whether accrued or unaccrued, fixed or contingent, liquidated or un-liquidated, matured or un-matured, known or unknown, discoverable or undiscoverable, concealed or hidden, disclosed or undisclosed, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature, that Lead Plaintiff or any Member of the Class asserted, could have asserted, or in the future could or might have asserted  in this Litigation or any other action, court, tribunal, proceeding, or forum against any of the Released Persons arising out of, in connection with, or in any way relating  to, directly or indirectly, the purchase, acquisition, holding, or sale of Ebix common stock during the Class Period or the acts, facts, matters, allegations, representations, transactions, events, disclosures, statements or omissions that were or could have been alleged or asserted in the Litigation.

1.22   "Released Persons" means each and all of Defendants and each and all of their Related Parties.

1.23   "Settlement Amount" means six million, five-hundred thousand dollars ($6,500,000).

1.24   "Settlement Fund" means the Settlement Amount, deposited in an interest-bearing Escrow Account, as set forth in ¶2.1, maintained by the Escrow Agent.  Interest earned on the Settlement Amount shall be added to and included in the Settlement Fund.

1.25   "Settling Parties" means, collectively, each of the Defendants and Lead Plaintiff on behalf of himself and the Members of the Class.

1.26   "Ebix" means Ebix, Inc.

1.27   "Unknown Claims" means any Released Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, and/or equivalent to California Civil Code §1542. Lead Plaintiff or any Class Member may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the

foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**2.    The Settlement**

**a.    The Settlement Fund**

2.1    Ebix, on behalf of Defendants, shall cause its insurer to pay or cause to be paid the Settlement Amount directly into the Escrow Account within fifteen (15) business days of the later of: (a) the Court's entry of an Order preliminarily approving the settlement as set forth in the Stipulation, or (b) Lead Counsel providing to Defendants' counsel written payment instructions and a completed W-9.

2.2    All fees, costs, and expenses incurred by or on behalf of Lead Plaintiff and the Class associated with the settlement, including, but not limited to, Taxes, Tax Expenses (as defined in §IV(2.5)), any administrative costs, costs of providing notice of the settlement to Class Members, and any award of attorneys' fees or expenses to Lead Counsel, Lead Plaintiff, or Plaintiff's Counsel, shall be paid from the Settlement Fund or the Notice and Administrative Fund (as defined in §IV(2.4)) and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

**b.    The Escrow Agent**

2.3    The Escrow Agent shall invest the amounts deposited pursuant to ¶2.1 only in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof

and shall reinvest the proceeds of those instruments as they mature in similar instruments at their then current market rates.  The Escrow Agent shall not disburse any of the Settlement Fund except as provided in the Stipulation and by an order of the Court.  Prior to the Effective Date, except as provided in ¶¶ 2.4, 2.5, and 6.2, the Escrow Agent shall not disburse any of the Settlement Fund without the written agreement of counsel for Defendants.  The Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.  The Settlement Fund shall bear all risks related to investment of the Settlement Fund.

2.4     Without written agreement of counsel for Defendants or any further order of the Court, after preliminary approval of the Settlement by the Court, the Escrow Agent may establish a "Notice and Administration Fund," and may deposit up to $200,000.00 from the Settlement Fund in it.  The Notice and Administration Fund may be used by the Escrow Agent without further consent of Defendants or order of the Court to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying

escrow fees and costs, if any.  The Notice and Administration Fund may also be invested and earn interest.

### c.    Taxes

2.5    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.5, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.    Such elections shall be made in compliance with the procedures and requirements contained in such regulations.   It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.5(a) hereof) shall be consistent with this ¶2.5 and in all events shall reflect that all Taxes (including any estimated

Taxes (as defined in ¶2.5(b) hereof), interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.5(b) hereof.  After preliminary approval, the Escrow Agent may pay such Taxes without further order of the Court or written agreement by counsel for Defendants.

       (b)     The Released Persons shall have no liability or responsibility for any Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes").  All (a) Taxes, and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.5 ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons shall have no liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to

- 14 -

Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); none of the Released Persons are responsible nor shall they have any liability therefor.  The Settling Parties agree to cooperate reasonably with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.5.

(c)     For the purpose of this ¶2.5, references to the Settlement Fund shall include both the Settlement Fund and the Notice and Administration Fund and shall also include any earnings thereon.

### d.     Termination of Settlement

2.6     In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund, including the Notice and Administration Fund (including accrued interest on both), less costs of notice and administration actually incurred or due and owing in connection with the settlement provided for herein, shall be refunded to the respective entities who paid the proceeds into the Settlement Fund on a pro rata basis within five (5) business days after written notification of such event is sent by counsel for Defendants.

### 3.    Notice Order and Settlement Hearing

3.1    Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice Order") substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, approval for the mailing of a settlement notice (the "Notice") substantially in the form attached hereto as Exhibit A-1, and publication of a summary notice substantially in the form attached hereto as Exhibit A-3.

3.2    Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and finally approve the settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

### 4.    Releases and Covenant Not to Sue

4.1    Upon the Effective Date, as defined in ¶1.9 hereof, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever remised, released, relinquished, and discharged all Released Claims against the Released Persons, regardless whether such Class Member executes and delivers a Proof of Claim and Release.

- 16 -

4.2     Upon the Effective Date, as defined in ¶1.9 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, Lead Counsel, Liaison Counsel, and Plaintiff's Counsel, from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

4.3     Lead Plaintiff and each of the Class Members agree and covenant not to file or pursue any of the Released Claims against any of the Released Persons between the date of this Stipulation and the Effective Date.  The Settling Parties agree that, if the settlement does not become Final, the period of time between the date of this Stipulation and the Effective Date shall not be counted for purposes of any defense based on the passage of time.

**5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court or Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

- 17 -

(a)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(b)    to pay the Taxes and Tax Expenses described in ¶2.5 hereof, if any;

(c)    to pay Plaintiff's Counsel's attorneys' fees, expenses, and costs (the "Fee and Expense Award"), if and to the extent allowed by the Court; and

(d)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3    Following the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.4-5.9.

5.4    Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and

Release, in a form containing all material terms of the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to the Class Member.

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late filed claims so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

5.6     The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.  However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall reallocate such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any balance which still remains in the

Net Settlement Fund shall be donated to a non-profit organization selected by either Lead Counsel or the Court.

5.7    The Released Persons shall have no responsibility for or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

5.8    No Person shall have any claim against Plaintiff's Counsel or any Released Person or any claims administrator based on the distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

5.9    It is understood and agreed by the Settling Parties that any proposed plan of allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any orders or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

6.     **Attorneys' Fees and Payment of Expenses**

6.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) payment of expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees, costs, and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.   Lead Counsel reserves the right to make additional applications for distributions to them from the Settlement Fund for fees and expenses incurred.

6.2     The attorneys' fees, expenses, and costs, including the fees and expenses of experts and consultants, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses.   Lead Counsel shall thereafter allocate the attorneys' fees amongst Plaintiff's Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Litigation.  In the event attorneys' fees or expenses are awarded by the Court pursuant to ¶6.1 hereof and paid to Plaintiff's Counsel from the Settlement Fund, all Plaintiff's Counsel who receive any payment of attorneys' fees or expenses agree that they accept payment subject to the obligation of each such Plaintiff's

- 21 -

Counsel (including their respective partners, shareholders, and/or firms), to make repayment to the Settlement Fund within five (5) business days from receiving notice from Lead Counsel or from a court of appropriate jurisdiction, of the amount required to be refunded, in the event, for any reason, including, without limitation, appeal, further proceeding on remand or successful collateral attack, the attorneys' fee or expense award is reduced or reversed, and Lead Counsel agrees that it shall on that date pay any amount due to be paid by any Plaintiff's Counsel which remains unpaid. Furthermore, all Plaintiff's Counsel (including their respective partners, shareholders, and/or firms) agree that they remain subject to the continuing jurisdiction of the Court for the purpose of enforcing their obligation to repay required attorneys' fees and expenses to the Settlement Fund as provided in this paragraph.

6.3     The procedure for and the allowance or disallowance by the Court of any applications by Lead Plaintiff or Lead Counsel for attorneys' fees and expenses, including the fees and expenses of experts and consultants, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the provisions of ¶¶6.1 and 6.2 of this Stipulation, the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or

affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.4    Defendants and the Related Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Lead Plaintiff, Lead Counsel, Liaison Counsel, Plaintiff's Counsel, or any other counsel or Person who receives payment from the Settlement Fund.

6.5    Defendants and the Related Parties shall have no responsibility for, and no liability whatsoever with respect to the allocation among Plaintiff's Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation, and Defendants and their respective Related Parties take no position with respect to such matters.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    the Settlement Amount shall have been transferred to the Escrow Agent as required by ¶2.1 hereof;

(b)    the Court has entered the Notice Order as required by ¶3.1 hereof;

(c)    the Court has entered the Judgment substantially in the form and content of Exhibit B attached hereto; and

- 23 -

(d)     the Judgment has become Final, as defined in ¶1.12 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

7.3     If all of the conditions specified in ¶7.1 hereof are not met or cannot be met, then the Stipulation shall be canceled and terminated subject to ¶¶7.4-7.6 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

7.4     If, prior to the Settlement Hearing, the aggregate number of shares of Ebix common stock purchased by Persons who would otherwise be members of the Class, but who request exclusion from that Class, exceeds the sum specified in a separate supplemental agreement between Lead Plaintiff and Defendants (the "Supplemental Agreement"),  Defendants shall have, in their sole and absolute discretion (which must be unanimously exercised), the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement will not be filed with the Court unless required by the Court or unless and until a dispute as between Lead Plaintiff and Defendants concerning its interpretation or application arises.

7.5     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the Settlement

Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to ¶¶2.4 or 2.5 hereof, or are chargeable to the Notice and Administration Fund, shall be refunded by the Escrow Agent to the respective entities who paid the proceeds into the Settlement Fund on a pro rata basis within five (5) business days after written notification of such event is sent by counsel for Defendants.  At the request of Defendants' counsel, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to the respective entities who paid the proceeds into the Settlement Fund on a pro rata basis.

7.6    In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of the date of this Stipulation.  In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the

Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Plaintiff or to any Plaintiff's Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.7    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor any Plaintiff's Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Notice and Administration Fund or pursuant to ¶2.5 hereof.  In addition, any expenses already incurred and properly chargeable to the Notice and Administration Fund pursuant to ¶2.4 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶7.5 hereof.

7.8    If a case is commenced in respect to any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, then, as to such Defendant, the releases given and Judgment entered in favor of such Defendant pursuant to this Stipulation shall be null and void.

- 26 -

### 8.    Miscellaneous Provisions

8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.

8.3    The Final Judgment will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

8.4    This Stipulation, whether or not consummated, and any negotiations, discussions, or proceedings in connection herewith shall not be:

(a)    offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any

- 27 -

Defendant of the truth of any fact alleged by the Class Members, the validity of any claim that has been or could have been asserted in the Litigation, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b)      offered or received against any Defendant as evidence of a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant;

(c)      offered or received against any Defendant as evidence of a presumption, concession, or admissibility of any liability, negligent, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  In addition, nothing contained in this paragraph shall prevent this Stipulation (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or

otherwise effectuate the Stipulation (or any agreement or order relating thereto) or the Judgment, or to enforce or effectuate provisions of this settlement, the Final Judgment, or the Proofs of Claim and Release as to Defendants and Released Persons; or

(d)     construed against Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

8.5     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.6     All of the Exhibits to the Stipulation are material and integral parts thereof and are fully incorporated therein by this reference.

8.7     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.8     The Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided therein, each party shall bear its own costs.

8.9    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.10   Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.11   The Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

8.12   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.13   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.14   In the event that the Court or any other court is called upon to interpret this Stipulation, no one party or group of parties shall be deemed to have drafted this Stipulation.

8.15   The section headings used throughout this Stipulation are for convenience only and shall not affect the interpretation or construction of this Stipulation.

8.16   The Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Georgia, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Georgia without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of January 24, 2014.

FARUQI & FARUQI, LLP
RICHARD GONNELLO

_RICHARD GONNELLO_

369 Lexington Ave., 10th Floor
New York, New York 10017
Telephone: 212/983-9330

- 31 -

Counsel for Lead Plaintiff



ALSTON & BIRD LLP
TODD R. DAVID
Georgia Bar No. 206526
JOHN A. JORDAK, JR.
Georgia Bar No. 404250
TODD F. CHATHAM
Georgia Bar No. 196328

_____
            JOHN A. JORDAK, JR.

1201 West Peachtree Street
Atlanta, Georgia  30309
Telephone:  404/881-7000


Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: EBIX, INC. ) | CIVIL ACTION NO. |
| SECURITIES LITIGATION ) | 1:11-CV-02400-RWS |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

**EXHIBIT A**

WHEREAS, an action is pending before this Court styled *In re: Ebix, Inc. Securities Litigation*, Civil Action No. 1:11-CV-02400-RSW (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of the Litigation, in accordance with a Stipulation of Settlement dated as of January 24, 2014 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all capitalized defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.    A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2014, at __:___ _.m., at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Spring Street, SW, Atlanta, Georgia 30303 to determine whether the proposed settlement of the

- 1 -

Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.13 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine any amount of fees and expenses that should be awarded to Lead Counsel and any award to Lead Plaintiff for its representation of the Class.

3.     Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Heffler Claims Group LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Not later than _____, 2014 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b)     Not later than _____, 2014, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of Investor's Business Daily and posted by *PR Newswire*;

- 2 -

(c)     Not later than _____, 2014, the Claims Administrator shall post on its website at www.EBIXSecuritiesLitigation.com the Stipulation, Notice and Proof of Claim Form; and

(d)     Not later than _____, 2014, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

4.     Nominees who purchased Ebix common stock for the benefit of another Person during the period May 6, 2009 and June 30, 2011, inclusive, shall be requested to send the Notice and Proof of Claim and Release to all such beneficial owners of Ebix common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

5.     All fees, costs, and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

6.     All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

7.     Class Members who wish to participate in the settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than ninety (90) days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed.

8.     Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

9.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than _____, 2014.  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases of Ebix common stock during the Class Period, including the

dates, the number of shares of Ebix common stock purchased, and price paid for each such purchase; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

10. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event within fourteen (14) days prior to the Settlement Hearing.

11. Any Class Member may appear and show cause, if he, she, or it has any reason why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees and expenses should not be awarded to counsel for the Lead Plaintiff or an award to Lead Plaintiff for its representation of the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to counsel for Lead Plaintiff, unless written

objections and copies of any papers and briefs are received by Richard Gonnello, Faruqi & Faruqi, LLP, 369 Lexington Avenue, 10th Floor, New York, New York 10017 and John A. Jordak, Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309, on or before _____, 2014; and said objections, papers and briefs are filed with the Clerk of the United States District Court for the Northern District of Georgia, on or before _____, 2014.  Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Counsel and the payment of an award to Lead Plaintiff for its representation of the Class, unless otherwise ordered by the Court.

12.    All funds held by the Escrow Agent(s) shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

13.    All papers in support of the settlement, Plan of Allocation and any application by counsel for Lead Plaintiff for attorneys' fees and expenses shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in

¶11 and any reply papers shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

14.     Neither Defendants nor their Related Parties shall have any responsibility for, or liability whatsoever with respect to, notice procedures, the investment, administration, or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or processing of claims, the Net Settlement Fund or any funds held by the Escrow Agent, the payment of withholding of Taxes, any losses incurred in connection therewith, any application for attorneys' fees or expenses submitted by the Lead Plaintiff or Lead Counsel, or any allocation of the Fee and Expense Award by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

15.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, any application for attorneys' fees and expenses, and any award to Lead Plaintiff for its representation of the Class, should be approved.

16.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any

obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.4 or ¶2.5 of the Stipulation.

17.     Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Litigation, and as such, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

18.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.


DATED: _____     _____
                                        THE HONORABLE RICHARD W. STORY
                                        UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ) | **CIVIL ACTION NO.** |
| **IN RE: EBIX, INC.** ) | |
| **SECURITIES LITIGATION** ) | **1:11-CV-02400-RWS** |
| ) | |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

**EXHIBIT A-1**

***If you purchased Ebix, Inc. ("Ebix" or the "Company")[1] common stock during the period of May 6, 2009 and June 30, 2011, inclusive, (the "Class Period") and are not otherwise excluded from the Class (see Question 6 below), you could get a payment from a class action settlement.***

A federal court authorized this Notice.  This is not a solicitation from a lawyer.

**Security and Time Period**:  Ebix common stock (symbol "EBIX") purchased between May 6, 2009 and June 30, 2011, inclusive.

**Settlement Fund:**  $6,500,000 in cash plus any interest earned.  Your recovery will depend on the timing of your purchases and any sales of Ebix common stock during the Class Period.  Based on the information currently available to Lead Plaintiff and the analysis performed by their damage consultants, it is estimated that if Class Members submit claims for 100% of the shares eligible for distribution under the Plan of Allocation (described below), the estimated average distribution per share will be approximately $0.20 before deduction of Court-approved fees and expenses, including the cost of notifying members of the Class and settlement administration. Historically, actual claims rates are less than 100%, which result in higher

---

[1]     This Notice incorporates by reference the definitions in the Stipulation of Settlement (the "Stipulation") dated January 24, 2014, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.  The Stipulation is posted on the Claims Administrator's website at www.EBIXSecuritiesLitigation.com.

distributions per share.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Class Members who submit valid Proof of Claim and Release forms ("Proof of Claim").

**Reasons for Settlement:**  Avoids the costs and risks associated with continued litigation, including the danger of no recovery.

**If the Case Had Not Settled:**  Continuing with the case could have resulted in loss at trial or on appeal.  The two sides vigorously disagree on both liability and the amount of money that could have been won if Lead Plaintiff prevailed at trial.  The parties disagree about: (1) the method for determining whether the price of Ebix common stock was artificially inflated during the relevant period; (2) the amount of any such alleged inflation; (3) whether the statements made or facts allegedly omitted were false, material, or otherwise actionable under the federal securities laws; (4) whether there was any wrongdoing on the part of Defendants; and (5) the extent that various facts alleged by Lead Plaintiff influenced (if at all) the trading price of Ebix common stock during the Class Period.

**Attorneys' Fees and Expenses:**  Court-appointed Lead Plaintiff's counsel will ask the Court for attorneys' fees of up to 33 1/3% of the Settlement Fund and expenses not to exceed $200,000.00 to be paid from the Settlement Fund plus interest. Lead Plaintiff's counsel have not received any payment for their work investigating

the facts, prosecuting this Litigation and negotiating this settlement on behalf of the Lead Plaintiff and the Class.  Lead Plaintiff's counsel will also ask the Court to approve an award of up to $5,000.00 for the Court-appointed Lead Plaintiff for its representation of the Class.  If the above amounts are requested and approved by the Court, the average cost per share will be $0.0681.

**Deadlines:**

Submit Claim: _____, 2014

Request Exclusion: _____, 2014

File Objection: _____, 2014

**Court Hearing on Fairness of Settlement:** _____, 2014

**More Information:**  www.EBIXSecuritiesLitigation.com  or

| | |
|---|---|
| EBIX Securities Litigation<br>c/o Heffler Claims Group<br>P.O. Box 58608<br>Philadelphia, PA 19102<br>1-855-731-7490 | Representative of Lead Plaintiff's counsel:<br><br>Richard Gonnello<br>Faruqi & Faruqi, LLP<br>369 Lexington Avenue, 10th Floor<br>New York, NY 10017<br>1-212-983-9330 |

- Your legal rights are affected whether you act, or do not act.  Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

**SUBMIT A CLAIM FORM**   The only way to get a payment.

**EXCLUDE YOURSELF**   Get no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants and Related Parties relating to the legal claims in this case.

**OBJECT**   You may write to the Court if you do not like this settlement, the request for attorneys' fees and expenses, the award to Lead Plaintiff or the Plan of Allocation.

**GO TO A HEARING**   You may ask to speak in Court about the fairness of the settlement.

**DO NOTHING**   Get no payment.  Give up rights.

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

### 1.     Why did I get this notice package?

You or someone in your family may have purchased Ebix common stock between May 6, 2009 and June 30, 2011, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of Georgia, and the case is known as *In re: Ebix, Inc. Securities Litigation*, Civil Action No. 1:11-CV-02400-RSW.  The person who leads the Litigation, Mr. Dan Anghel, is called the Lead Plaintiff and the Company and the individuals it sued are called Defendants.

### 2.     What is this lawsuit about?

This Litigation alleges that Ebix, its Chief Executive Officer, and its Chief Financial Officer violated the federal securities laws by making false and misleading

statements in certain press releases and public filings issued during the Class Period or controlling the persons who made those statements.

Defendants deny all of the Lead Plaintiff's allegations and further deny that they did anything wrong.  Defendants also deny that the Lead Plaintiff or the Class suffered damages or that the price of Ebix common stock was allegedly artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise.

**3.      Why is this a class action?**

In a class action, one or more people called class representatives (in this case, the Court-appointed Lead Plaintiff, Mr. Dan Anghel) sue on behalf of people who have similar claims.  All of these people and/or entities are called a class or class members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  In this case, United States District Court Judge Richard W. Story is in charge of this case.

**4.      Why is there a settlement?**

The Court did not decide in favor of the Lead Plaintiff or Defendants.  Instead, the lawyers for both sides of the lawsuit have negotiated a settlement, which they believe is in the best interests of their respective clients.  The settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits Class Members to be compensated without further

delay.  Lead Plaintiff and its attorneys think the settlement is best for all Class Members.

## WHO GETS MONEY FROM THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

### 5.    How do I know if I am part of the settlement?

The Class includes *all Persons who purchased the common stock of Ebix between May 6, 2009 and June 30, 2011, inclusive*.

### 6.    Are there exceptions to being included in the Class?

Yes.  Excluded from the Class are Ebix, Robin Raina, and Robert Kerris, their families, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

### 7.    I'm still not sure if I am included.

If you still are not sure whether you are included, you can ask for free help. You can call 1-855-731-7490 or visit www.EBIXSecuritiesLitigation.com for more information; or you can fill out and return the claim form described in Question 10 to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8.      What does the settlement provide?**

Defendants have agreed to cause to be paid $6,500,000 in cash (the "Settlement Fund"). The Settlement Fund, plus interest earned from the date it is established, less costs, fees and expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members whose claim for recovery has been allowed pursuant to the terms of the Stipulation and who send in valid claim forms ("Authorized Claimants"). Costs, fees and expenses include Court-approved attorneys' fees and expenses, the costs of notifying Class Members, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice, and the costs of claims administration.

**9.       How much will my payment be and what is the Plan of Allocation?**

Your share of the Net Settlement Fund will depend on the number of valid Claims that Authorized Claimants submit as well as the total of their "Net Recognized Loss."

 The term "Net Recognized Loss," as used herein, is the sum total of each Authorized Claimant's Recognized Losses and Recognized Gains.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Net Recognized Loss in accordance with the Plan of Allocation set forth below in this

response to question (9).  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the Net Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Loss for all valid Claims.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The term "Recognized Loss," as used herein, is a calculation to arrive at a loss figure for purposes of calculating an Authorized Claimant's pro rata participation in the Net Settlement Fund.  Recognized Loss does not reflect an Authorized Claimant's actual market loss or gain, damages possibly recoverable at trial, or the actual amount an Authorized Claimant can expect to recover from the Net Settlement Fund.

The Recognized Loss for each acquisition/purchase of Ebix common stock made during the Class Period by an Authorized Claimant will be calculated by the Claims Administrator in consultation with Lead Counsel in accordance with the provisions of this Plan of Allocation.

Recognized Loss will be calculated for each of Authorized Claimant's acquisitions/purchases of shares listed in the Proof of Claim form, and for which adequate documentation is provided.  Each Proof of Claim form must state and provide sufficient documentation for each Authorized Claimant's position in each share as of the close of trading on May 5, 2009, the day before the first day of the

Class Period, and the closing position as of the close of trading on September 28, 2011, the last day of the 90-day period following the Class Period.  Each Proof of Claim form also must list and provide sufficient documentation for all transactions in Ebix common stock during the period May 6, 2009 through September 28, 2011, inclusive, as set forth in the Proof of Claim form.

The calculation of Recognized Loss will depend upon several factors considered in developing the Plan of Allocation, including:

When each share was purchased or otherwise acquired;

Whether the share was held until after the end of the Class Period;

Whether and when the share was sold, redeemed or otherwise disposed of;

The amount paid (or value of the consideration given) for each share acquired;

The amount received (or value of the consideration received) for each share sold or otherwise disposed of;

The estimated alleged artificial inflation in the price of each share at different times during the Class Period attributable to Defendants' alleged false statements as alleged in this case ("alleged artificial inflation").

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors not related to the alleged fraud.  The computation

of the alleged artificial inflation in Ebix common stock reflects the price change of each share net of market- and industry-wide factors in reaction to public announcements that corrected or reinforced the misrepresentations alleged by Lead Plaintiffs in the Consolidated Amended Complaint for Violations of the Federal Securities Laws.  Based on the opinions of Lead Counsel's damages consultant, the Plan of Allocation assumes that there were varied amounts of alleged artificial inflation in the prices of each share during the entire Class Period.  An estimate of alleged artificial inflation for each share during the Class Period, assuming that Lead Plaintiffs could adequately allege and prove liability for that entire period, is reflected in Table 1 below:

**Table 1**

Alleged Artificial Inflation in Shares

| Date of Purchase/Acquisition | Estimated Alleged Artificial Inflation |
|---|---|
| 5/6/2009 to 3/23/2011 | $8.50 |
| 3/24/2011 to 6/29/2011 | $1.30 |
| 6/30/2011 to Present | $0.00 |

Federal securities laws allow investors to recover for losses that are proven to be caused by disclosures that correct a defendant's previous misleading statements or

omissions.   Thus, in order to have been damaged by the alleged fraud, a share purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission.   Lead Plaintiff and Lead Counsel have identified the following dates of such price declines:   March 24, 2011; and June 30, 2011 (collectively; the "corrective disclosure dates").   If a share of Ebix common stock was purchased and then sold before May 6, 2009; or purchased and then sold between consecutive corrective disclosure dates, the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws.

The 90-day look back provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of Recognized Loss. The limitations on calculation of Recognized Loss imposed by the PSLRA are applied such that losses on common stock purchased during the Class Period and sold during the 90-day look back period cannot exceed the difference between the purchase price paid for the security and the rolling average of the security's price during 90-day look back period as of the date of sale.

**Table 2**

**PSLRA 90-Day Lookback Value**

| Date | Value | Date | Value | Date | Value |
|------|-------|------|-------|------|-------|

| | | | | | |
|---|---|---|---|---|---|
| 7/1/2011 | 19.31 | 8/2/2011 | 19.23 | 8/31/2011 | 17.81 |
| 7/5/2011 | 19.41 | 8/3/2011 | 19.19 | 9/1/2011 | 17.78 |
| 7/6/2011 | 19.59 | 8/4/2011 | 19.12 | 9/2/2011 | 17.73 |
| 7/7/2011 | 19.92 | 8/5/2011 | 19.04 | 9/6/2011 | 17.68 |
| 7/8/2011 | 20.07 | 8/8/2011 | 18.93 | 9/7/2011 | 17.67 |
| 7/11/2011 | 20.04 | 8/9/2011 | 18.83 | 9/8/2011 | 17.64 |
| 7/12/2011 | 19.96 | 8/10/2011 | 18.70 | 9/9/2011 | 17.62 |
| 7/13/2011 | 19.72 | 8/11/2011 | 18.64 | 9/12/2011 | 17.59 |
| 7/14/2011 | 19.49 | 8/12/2011 | 18.56 | 9/13/2011 | 17.56 |
| 7/15/2011 | 19.34 | 8/15/2011 | 18.53 | 9/14/2011 | 17.54 |
| 7/18/2011 | 19.25 | 8/16/2011 | 18.48 | 9/15/2011 | 17.54 |
| 7/19/2011 | 19.19 | 8/17/2011 | 18.44 | 9/16/2011 | 17.54 |
| 7/20/2011 | 19.15 | 8/18/2011 | 18.36 | 9/19/2011 | 17.53 |
| 7/21/2011 | 19.17 | 8/19/2011 | 18.27 | 9/20/2011 | 17.51 |
| 7/22/2011 | 19.19 | 8/22/2011 | 18.18 | 9/21/2011 | 17.48 |
| 7/25/2011 | 19.21 | 8/23/2011 | 18.11 | 9/22/2011 | 17.42 |
| 7/26/2011 | 19.26 | 8/24/2011 | 18.05 | 9/23/2011 | 17.38 |
| 7/27/2011 | 19.29 | 8/25/2011 | 17.98 | 9/26/2011 | 17.34 |
| 7/28/2011 | 19.29 | 8/26/2011 | 17.92 | 9/27/2011 | 17.31 |

| 7/29/2011 | 19.31 | 8/29/2011 | 17.88 | 9/28/2011 | 17.27 |
| 8/1/2011 | 19.28 | 8/30/2011 | 17.85 | | |

For Authorized Claimants who made multiple purchases, acquisitions, or sales of shares during the Class Period, the earliest subsequent sale shall be matched first against the Authorized Claimant's opening position on the first day of the Class Period, and then matched chronologically thereafter against each purchase or acquisition made through September 28, 2011, employing a first-in-first-out ("FIFO") methodology.

If an Authorized Claimant acquired a share by way of gift, inheritance, or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.  To the extent the share was originally acquired prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be $0.00.

A payment from the Net Settlement Fund to any Authorized Claimant that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment to those Authorized Claimants will be distributed.

The Recognized Loss for "short sales" is $0.00.  In the event that there is a short position in shares, the date on which the short sale is covered is deemed to be the date of purchase, and the date of the short sale is deemed to be the date of sale.

An Authorized Claimant's Recognized Loss or Gain Per Share for each purchase or acquisition of a share during the Class Period will be calculated as follows.  Note that a Recognized Loss is greater than $0.00 (*i.e.*, a positive number), and a Recognized Gain is less than $0.00 (*i.e.*, a negative number).

For each share purchased or acquired during the Class Period (*i.e.*, during the period May 6, 2009 and June 30, 2011, inclusive):

and sold during the Class Period, the Recognized Loss or Gain Per Share is the amount of alleged artificial inflation per share on the date of purchase/acquisition as appears in Table 1 above minus the amount of alleged artificial inflation per share on the date of sale/disposition as appears in Table 1.

and sold during the period July 1, 2011 through September 28, 2011, inclusive (*i.e.*, the 90-day period following the Class Period), the Recognized Loss or Gain Per Share is the lesser of:

i.    the purchase/acquisition price minus the "90-Day Look Back Value" on the date of sale/disposition provided in Table 2 to the Plan of Allocation; or

- 15 -

ii. the amount of alleged artificial inflation per share on the date of purchase/acquisition as appears in Table 1 above.

and held after September 28, 2011, the Recognized Loss or Gain Per Share is the amount of alleged artificial inflation per share on the date of purchase/acquisition as appears in Table 1 above.

The Recognized Loss or Recognized Gain with respect to a purchase or acquisition of a share is calculated by multiplying the number of securities purchased/acquired in each such transaction times the appropriate Recognized Loss or Recognized Gain per security, as described above.

To the extent an Authorized Claimant had an overall market gain from his, her or its purchases of shares during the Class Period, the value of the Net Recognized Loss will be $0.00. To the extent that an Authorized Claimant had an overall market loss from his, her, or its purchases of shares during the Class Period, the value of the Net Recognized Loss will be the lesser of the claimant's total Recognized Loss or the market loss. The market loss or gain will be calculated as explained below. Such Authorized Claimants will in any event be bound by the Settlement.

For purposes of determining whether an Authorized Claimant had a net market loss or gain from his, her, or its overall transactions in shares acquired during the Class Period, the Claims Administrator shall: (i) total the amount paid (excluding commissions and other charges) for all shares acquired during the Class Period by the

Claimant (the "Total Acquisition Amount"); (ii) match any sales of shares during the Class Period first against the Claimant's holdings of each share on close of business May 5, 2009 (*n.b.*, the proceeds of those sales will not be considered for purposes of calculating market gains or losses); (iii) total the amount received (net of commissions, etc.) for sales of the remaining shares sold during the Class Period (the "Sales Proceeds"); and (iv) calculate the "Holding Value" of shares acquired during the Class Period and still held at the end of the Class Period, using the average price during the 90-days following the Class Period, which is $17.27.   The Total Acquisition Amount (i) less the Sales Proceeds (iii) and less the Holding Value (iv) will be deemed a Claimant's net market loss or gain (*n.b.*, a gain occurs if a negative number is calculated) on his, her, or its overall transactions in shares during the Class Period.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM
### 10.    How will I get a payment?

To qualify for a payment, you must send in a claim form.  A claim form is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2014.

**11.    When would I get my payment?**

The Court will hold a hearing on _____, 2014, at __:__ _.m., to decide whether to approve the settlement.  If Judge Story approves the settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year.  It also takes time for all the claim forms to be processed.  If there are no appeals and depending on the number of claims submitted, the Claims Administrator could distribute the Net Settlement Fund as early as nine months after the fairness hearing.  Please be patient.

**12.    What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the Related Parties about the same issues in this case or about issues that could have been asserted in this case.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your Released Claims in this case against the Defendants and Related Parties.  "Released Claims" means any and all rights, demands, claims (including "Unknown Claims" as defined in the Stipulation), liabilities, suits, debts, obligations, damages, losses, judgments, matters, issues, and causes of action of every nature and description, in law or equity, whether accrued or unaccrued, fixed or contingent, liquidated or un-liquidated, matured or un-matured, known or unknown, discoverable or undiscoverable, concealed or hidden, disclosed or

undisclosed, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature, that Lead Plaintiff or any Member of the Class asserted, could have asserted, or in the future could or might have asserted in this Litigation or any other action, court, tribunal, proceeding, or forum against any of the Released Persons arising out of, in connection with, or relating to, directly or indirectly, the purchase, acquisition, holding, or sale of Ebix common stock during the Class Period or the acts, facts, matters, allegations, representations, transactions, events, disclosures, statements or omissions that were or could have been alleged or asserted in the Litigation.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants or Related Parties on your own about the same issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

### 13.    How do I get out of the Class?

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *In re: Ebix, Inc. Securities Litigation*, Civil Action No. 1:11-CV-02400-RSW. You must include your name, address, telephone number, your signature, and the number of shares of Ebix common stock you purchased between May 6, 2009 and June 30, 2011, inclusive, and the dates and prices of such purchases.

You must mail your exclusion request postmarked no later than _____, 2014 to:

> *EBIX Securities Litigation*
> c/o Heffler Claims Group
> P.O. Box 58608
> Philadelphia, PA 19102

You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.

**14.   If I do not exclude myself, can I sue Defendants for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue Defendants or the Related Parties for the claims that this settlement resolves.  Remember, the exclusion deadline is _____, 2014.

**15.   If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, do not send in a claim form to ask for any money.  Once you exclude yourself, you will receive no cash payment even if you also submit a claim form.

## THE LAWYERS REPRESENTING YOU

**16.   Do I have a lawyer in this case?**

The Court appointed the law firm of Faruqi & Faruqi, LLP to represent you and other Class Members.  These lawyers are called Lead Counsel.  The Court also

- 20 -

appointed Holzer & Holzer, LLC as Liaison Counsel.  These lawyers will apply to the Court for payment from the Settlement Fund; you will not otherwise be charged for their work.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17.  How will the lawyers be paid?

At the fairness hearing, Lead Plaintiff's counsel will request the Court to award attorneys' fees of up to 33 1/3% of the Settlement Fund and for expenses up to $200,000.00, which were incurred in connection with the Litigation.  In addition, Lead Plaintiff Dan Anghel may request up to $5,000.00 for his efforts in representing the Class.  If awarded, the cost would be $0.0681 per share.  This compensation will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  To date, Lead Plaintiff's counsel have not received any payment for their services in conducting this Litigation on behalf of the Lead Plaintiff and the Class, nor have counsel been paid for their expenses.   The fee requested will compensate Lead Plaintiff's counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

**18.    How do I tell the Court that I do not like the settlement?**

If you are a Class Member (and you have not excluded yourself), you can object to the settlement, the request for attorneys' fees and expenses, the award to Lead Plaintiff or the Plan of Allocation if you do not like any part of them.  You can give reasons why you think the Court should not approve the settlement, the request for attorneys' fees and expenses, the award to Lead Plaintiff or the Plan of Allocation. The Court will consider your views.  To object, you must send a signed letter saying that you object to the proposed settlement in *In re: Ebix, Inc. Securities Litigation*, Civil Action No. 1:11-CV-02400-RSW.  Be sure to include your name, address, telephone number, your signature, the number of shares of Ebix common stock purchased between May 6, 2009 and June 30, 2011, inclusive, and the reasons you object to the settlement, the requested attorneys' fees and expenses, the award to Lead Plaintiff or the Plan of Allocation.  Any such objection must be mailed or delivered such that it is received by each of the following no later than _____, 2014:

*Court*:

Clerk of the Court
United States District Court
Northern District of Georgia
Richard B. Russell Federal Building
75 Spring Street, SW
Atlanta, GA 30303

- 22 -

*Lead Counsel for Lead Plaintiff*:

FARUQI & FARUQI, LLP
RICHARD GONNELLO
369 Lexington Avenue, 10th Floor
New York, NY 10017

*Counsel for Defendants*:

ALSTON & BIRD LLP
JOHN A. JORDAK, JR.
1201 West Peachtree Street
Atlanta, GA  30309

**19.   What is the difference between objecting and excluding myself from the settlement?**

Objecting is telling the Court that you do not like something about the proposed settlement.  You can object *only* if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer applies to you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement.  You may attend, but you do not have to.

**20.   When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing at ___:__ _.m., on _____, 2014, at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Spring Street, SW, Atlanta, GA 30303.  At this hearing, the

- 23 -

Court will consider whether the settlement is fair, reasonable and adequate.  If there are objections, the Court will consider them.  The Court may listen to people who have asked to speak at the hearing.  The Court will also decide whether to approve the payment of fees and expenses to Lead Plaintiff's counsel, including the award to Lead Plaintiff and the Plan of Allocation.  We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

**21.    Do I have to come to the hearing?**

No.  Lead Plaintiff's counsel will answer questions Judge Story may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but you are not required to do so.

**22.    May I speak at the hearing?**

You may ask the Court for permission to speak at the hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re: Ebix, Inc. Securities Litigation*, Civil Action No. 1:11-CV-02400-RSW.  Be sure to include your name, address, telephone number, your signature, and the number of shares of Ebix common stock purchased between May 6, 2009 and June 30, 2011, inclusive.  Your notice of intention to appear must be received no later than _____,

2014 by the Clerk of the Court, Lead Plaintiff's counsel, and Defendants' counsel, at the addresses listed in Question 18.  You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

### 23.    What happens if I do nothing at all?

If you do nothing, you will get no money from this settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or Related Parties about the same issues in this case.

## GETTING MORE INFORMATION

### 24.    Are there more details about the settlement?

This Notice summarizes the proposed settlement.  More details are in the Stipulation of Settlement dated January 24, 2014 ("Stipulation"), which has been filed with the Court.  You can get a copy of the Stipulation from the Clerk's office at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Spring Street, SW, Atlanta, GA 30303, during regular business hours, or at www.EBIXSecuritiesLitigation.com, or you may contact Lead Counsel at the number and address below.

### 25.    How do I get more information?

You can call 1-855-731-7490 or write to a representative of Lead Plaintiff's counsel, Richard Gonnello, Faruqi & Faruqi, LLP, 369 Lexington Avenue, 10th Floor, New York, NY 10017, or visit the Claims Administrator's website at www.EBIXSecuritiesLitigation.com. ***Please do not call the Court or the Clerk of the Court for additional information about the settlement.***

### 26.    Special notice to nominees

If you hold any Ebix common stock purchased between May 6, 2009 and June 30, 2011, inclusive, as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *EBIX Securities Litigation*
> c/o Heffler Claims Group
> P.O. Box 58608
> Philadelphia, PA 19102

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be

incurred in connection with forwarding the Notice and which would not have been

incurred but for the obligation to forward the Notice, upon submission of appropriate

documentation to the Claims Administrator.

DATED: _____, 2014     BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        NORTHERN DISTRICT OF GEORGIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|                                  |     |                     |
| -------------------------------- | --- | ------------------- |
|                                  | )   | **CIVIL ACTION NO.** |
| **IN RE: EBIX, INC.**            | )   |                     |
| **SECURITIES LITIGATION**        | )   | **1:11-CV-02400-RWS** |
|                                  | )   |                     |

**PROOF OF CLAIM AND RELEASE**

**EXHIBIT A-2**

## I.     GENERAL INSTRUCTIONS

1.     To recover as a member of the Class based on your claims in the action

entitled *In re: Ebix, Inc. Securities Litigation*, Civil Action No. 1:11-CV-02400-RSW

(the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of

Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3

below) Proof of Claim and Release, your claim may be rejected and you may be

precluded from any recovery from the Net Settlement Fund created in connection with

the proposed settlement of the Litigation.

2.     Submission of this Proof of Claim and Release, however, does not assure

that you will share in the proceeds of the settlement of the Litigation.

3.     YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF

CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2014

ADDRESSED AS FOLLOWS:

> *EBIX Securities Litigation*
> c/o Heffler Claims Group
> P.O. Box 58608
> Philadelphia, PA 19102

If you are NOT a member of the Class (as defined below and in the Notice of

Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim

and Release form.

4.     If you are a member of the Class and you did not timely request

exclusion in connection with the proposed settlement, you are bound by the terms of

- 1 -

any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.   DEFINITIONS

1.      "Class" means all persons who purchased or otherwise acquired Ebix common stock between May 6, 2009 and June 30, 2011, inclusive.  Excluded from the Class are Ebix, Robin Raina, and Robert Kerris, their families, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest.

2.      "Defendants" means Ebix, Inc. ("Ebix" or the "Company"), Robin Raina, and Robert Kerris.

3.      "Related Parties" means, with respect to each Defendant, past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, banks or investment banks, underwriters, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Defendant's immediate family, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family, and the heirs, successors and assigns of the foregoing.

4.    "Stipulation" or "Stipulation of Settlement" is the Stipulation of Settlement dated as of January 24, 2014, entered into by the parties to the Litigation for the purpose of settling the Litigation.

## III.    CLAIMANT IDENTIFICATION

If you purchased Ebix common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased Ebix common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Ebix common stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE EBIX COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure

to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Ebix Common Stock" to supply all required details of your transaction(s) in Ebix common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to **_all_** of your purchases of Ebix common stock which took place at any time between May 6, 2009 and June 30, 2011, inclusive (the "Class Period") and **_all_** of your sales of Ebix common stock which took place at any time between May 6, 2009 and September 28, 2011, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to **_all_** of the Ebix common stock you held at the beginning of trading on May 6, 2009, and at the close of trading on September 28, 2011.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Ebix common stock.  The date of a "short sale" is deemed to be the date of sale of Ebix common stock.

Copies of broker confirmations or other documentation of your transactions in Ebix common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

*In re: Ebix, Inc. Securities Litigation*
No. 1:11-CV-02400-RSW
PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:
_____, 2014

Please Type or Print

PART I:    CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____    _____

City                                              State or Province

_____    _____

Zip Code or Postal Code              Country

                                         _____    Individual

_____    _____    Corporation/Other

Social Security Number or
Taxpayer Identification Number

_____    _____

Area Code              Telephone Number (work)

_____    _____

Area Code              Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 6 -

PART II:    SCHEDULE OF TRANSACTIONS IN EBIX COMMON STOCK

A.    Number of shares of Ebix common stock held at the beginning of trading on May 6, 2009: _____

B.    Purchases (May 6, 2009 – June 30, 2011, inclusive) of Ebix common stock:

| Trade Date Mo. Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.    Sales (May 6, 2009 – June 30, 2011, inclusive) of Ebix common stock:

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.    Number of shares of Ebix common stock held at the close of trading on June 30, 2011: _____

E.    Number of shares of Ebix common stock held at the close of trading on September 28, 2011: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE.  YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.**

## V.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Georgia, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I (we) am bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of Ebix common stock during the Class Period and know of no other person having done so on my (our) behalf.

## VI.    RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge all Released Claims against each and all of the "Released Persons," defined as each and all of Defendants and each and all of their Related Parties.

2.      "Released Claims" means any and all rights, demands, claims (including "Unknown Claims" as defined below), liabilities, suits, debts, obligations, damages, losses, judgments, matters, issues, and causes of action of every nature and description, in law or equity, whether accrued or unaccrued, fixed or contingent,

liquidated or un-liquidated, matured or un-matured, known or unknown, discoverable or undiscoverable, concealed or hidden, disclosed or undisclosed, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature,  that Lead Plaintiff or any Member of the Class asserted, could have asserted, or in the future could or might have asserted in this Litigation or any other action, court, tribunal, proceeding, or forum against any of the Released Persons arising out of, in connection with, or in any way relating to, directly or indirectly, the purchase, acquisition, holding, or sale of Ebix common stock during the Class Period or the acts, facts, matters, allegations, representations, transactions, events, disclosures, statements or omissions that were or could have been alleged or asserted in the Litigation.

3.     "Unknown Claims" means any Released Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

4.     This release shall be of no force or effect unless and until the Court approves the Stipulation and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Ebix common stock which occurred during the Class Period as well as the number of shares of Ebix common stock held by me (us) at the beginning of trading on May 6, 2009, at the close of trading on June 30, 2011, and at the close of trading on September 28, 2011.

7.     Substitute Form W-9.   The claimant is NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant is exempt from backup withholding or (b) the claimant has not been notified by the IRS that he/she/it is subject to backup withholding as a result of failure to report all interest or dividends or (c) the IRS has notified the claimant that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant that he/she/it is subject to backup withholding, please strike**

- 10 -

**out the word NOT in the preceding sentence indicating that the claim is not subject to backup withholding.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____ day of_____,
                                    (Month/Year)

in _____
         (City)                        (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)


**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.    Please sign the above release and declaration.

2.    Remember to attach supporting documentation, if available.

3.    Do not send original stock certificates.

4.    Keep a copy of your claim form for your records.

5.     If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.     If you move, please send us your new address.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| _____ ) | CIVIL ACTION NO. |
| IN RE: EBIX, INC. ) | |
| SECURITIES LITIGATION ) | 1:11-CV-02400-RWS |
| _____ ) | |

SUMMARY NOTICE

EXHIBIT A-3

TO:   ALL PERSONS WHO PURCHASED EBIX, INC. ("EBIX") COMMON STOCK BETWEEN MAY 6, 2009 AND JUNE 30, 2011, INCLUSIVE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Northern District of Georgia, a hearing will be held on _____, 2014, at __:__ __.m., before the Honorable Richard W. Story, at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Spring Street, SW, Atlanta, Georgia 30303, for the purpose of determining: (1) whether the proposed settlement of the Litigation for the sum of $6,500,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement dated January 24, 2014; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Litigation, and the award to Lead Plaintiff for representing the Class.

If you purchased Ebix common stock between May 6, 2009 and June 30, 2011, inclusive, your rights may be affected by this Litigation and the settlement thereof.  If you have not received a detailed Notice of Proposed Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to *Ebix Securities Litigation*, c/o Heffler Claims Group, P.O. Box 58608, Philadelphia, PA

19102, or by downloading this information at www.EBIXSecuritiesLitigation.com.  If

you are a Class Member, in order to share in the distribution of the Net Settlement

Fund, you must submit a Proof of Claim and Release no later than _____, 2014,

establishing that you are entitled to a recovery.  You will be bound by any judgment

rendered in the Litigation unless you request to be excluded, in writing, to the above

address, postmarked by _____, 2014.

  Any objection to any aspect of the settlement must be filed with the Clerk of the

Court no later than _____, 2014, and ***received*** by the following no later than

_____, 2014:

    FARUQI & FARUQI, LLP
    RICHARD GONNELLO
    369 Lexington Avenue, 10th Floor
    New York, NY 10017

    *Lead Counsel for Lead Plaintiff*

    ALSTON & BIRD LLP
    JOHN A. JORDAK, JR.
    1201 West Peachtree Street
    Atlanta, GA  30309

    *Counsel for Defendants*

  **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S**

**OFFICE REGARDING THIS NOTICE.**

DATED: _____, 2014  BY ORDER OF THE COURT
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF GEORGIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|                          |     |                     |
| ------------------------ | --- | ------------------- |
|                          | )   | CIVIL ACTION NO.    |
| IN RE: EBIX, INC.        | )   |                     |
| SECURITIES LITIGATION    | )   | 1:11-CV-02400-RWS   |
|                          | )   |                     |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

**EXHIBIT B**

This matter came before the Court for hearing pursuant to the Order of this Court dated _____, 2014, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of January 24, 2014 (the "Stipulation").  Due and adequate notice having been given to the Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Litigation as a class action defined as all Persons who purchased the common stock of Ebix, Inc. between May 6, 2009 and June 30, 2011, inclusive and who were damaged thereby.  Excluded from the Class are Ebix, Inc., Robin Raina, and Robert Kerris, their families, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal

- 1 -

representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest.

4.     With respect to the Class, this Court finds and concludes that: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5.     Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that the settlement is, in all respects, fair, reasonable and adequate to the Settling Parties. The Court further finds that the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling

Parties.  Accordingly, the settlement embodied in the Stipulation is hereby finally approved in all respects.  The Settling Parties are hereby directed to perform its terms.

6.      Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other members of the Class, and as against the Released Persons.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7.      Upon the Effective Date, the Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release.

8.      Upon the Effective Date, the Lead Plaintiff and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not) any of the Released Claims against any of the Released Persons.

9.     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged the Lead Plaintiff, Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation.

10.     The distribution of the Notice of Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process and any other applicable law.

11.     Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein.  Defendants and/or the other Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for

attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14.    The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.    In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: _____    _____
                                 THE HONORABLE RICHARD W. STORY
                                 UNITED STATES DISTRICT JUDGE